IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | Case No. 13 C 4193 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| NAPOLEON FOSTER, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Napoleon Foster has filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence, alleging a multitude of reasons that his sentence of 284 months' imprisonment should be amended. The government opposes the motion. For the reasons discussed below, petitioner's motion is denied.

**BACKGROUND**

The facts of the case are discussed at length by the Seventh Circuit in its July 21, 2011, opinion. See United States v. Foster, 652 F.3d 776 (7th Cir. 2011). Petitioner was charged in a three-count indictment with: bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); possession of a firearm in furtherance of a bank robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The charges stemmed from the January 19, 2006, robbery of the Acme Continental Credit Union in Riverdale, Illinois. Two armed and masked people robbed the credit union, aided by an accomplice who drove their getaway car. Law enforcement eventually identified Asia Hill and Charles Anderson as the masked robbers and petitioner as their getaway driver. Petitioner went to trial on August 31, 2009. Hill and Anderson both testifed against petitioner at trial, and the jury found him guilty on all three counts.

On December 7, 2009, through newly appointed counsel, petitioner filed: (1) a motion for a new trial, challenging the court's process for selecting alternate jurors and alleging various evidentiary errors; and (2) a motion for acquittal, arguing that the evidence was insufficient to convict. On January 19, 2010, petitioner filed a motion to vacate the judgment and dismiss the indictment for lack of jurisdiction based on his civil rights allegedly being restored following one of his previous felony convictions. This court denied all of these motions on May 17, 2010. On August 18, 2010, petitioner filed objections to his Presentence Investigation Report. Pertinent here, petitioner argued that his 1980 conviction for robbery could not be used at sentencing because he was a juvenile when he committed the offense and, although he was charged as an adult, the Illinois Juvenile Court Act should have been observed, but was not. The court rejected this argument.

At sentencing, the court concluded that petitioner's criminal history qualified him as an armed career criminal and sentenced him to 284 months in prison. Petitioner appealed his conviction and sentence, both of which were affirmed by the Seventh Circuit on July 21, 2011. See Foster, 652 F.3d 776. The United States Supreme Court denied certiorari on May 29, 2012. See Foster v. United States, 132 S.Ct. 2702 (2012). Petitioner's judgment of conviction became final on May 29, 2012. See United States v. Robinson, 416 F.3d 645, 647–48 (7th Cir. 2005).

**DISCUSSION**

Petitioner submitted the instant motion by mail at the end of May 2013. It was docketed on June 3, 2013. In his motion, which is accompanied by nearly 300 pages of paperwork,[1] petitioner asserts: (1) ineffective assistance of trial counsel (Grounds One and Three); (2) prosecutorial misconduct (Ground Two); (3) unconstitutionality of the bank robbery statute, 18 U.S.C. § 2113 (Ground Four); (4) unconstitutionality of the felon in possession of a firearm statute, 18 U.S.C. § 922(g) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(e) (Ground Five); and (5) ineffective assistance of sentencing and appellate counsel (Ground Six). On August 12, 2013, petitioner filed a motion to file a supplemental pleading and, in that motion, asserted two additional grounds for relief: (1) his sentences under 18 U.S.C. §§ 924(e) and (c) were unconstitutional pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013) (Ground Seven); and (2) his sentences are unconstitutional pursuant to United States v. Booker, 543 U.S. 220 (2005) (Ground Eight).

**I.      Legal Standard**

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004); Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (internal quotations and citations omitted). The record is reviewed and all reasonable

---

[1] Petitioner's motion, supplemental pleading, reply, and their corresponding attachments, amount to nearly 500 pages of paperwork. The court has invested a significant amount of time reviewing each page of petitioner's voluminous filings, as well as researching his supporting citations and requests to consider recent Supreme Court decisions. Consequently, this matter has been inordinately protracted.

inferences are drawn in favor of the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Messinger v. United States, 872 F.2d 217, 219 (7th Cir. 1989).

**II.   Analysis**

   **A.   Procedural Default**

With the exception of his ineffective assistance of counsel claims, all of petitioner's claims are procedurally barred. The Seventh Circuit has noted that section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).

To pursue a procedurally defaulted claim, "a section 2255 petitioner must show both (1) good cause for his failure to pursue an issue on direct appeal, and (2) actual prejudice stemming from the alleged constitutional violation." Theodorou v. United States, 887 F.2d 1336, 1340 (7th Cir. 1989). Consequently, "absent a showing of cause and prejudice, a [petitioner] is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised in a direct appeal." Id. at 1339–40. "Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013). "Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." Id.

4

### 1. Ground Two: Prosecutorial Misconduct

Petitioner argues that the government committed prosecutorial misconduct in two ways. First, by labeling Randy Williams as a co-conspirator in order to admit recorded conversations between Williams and Anderson, and second by "suborning perjury" in allowing Charles Anderson to testify untruthfully in the grand jury and at trial.[2]

At trial, the court allowed the recorded conversations to be played, despite petitioner's objection that the recordings were hearsay. The court ruled that the recordings were admissible under Federal Rule of Evidence 801(d)(1)(B), which states that an out-of-court statement is excluded from the hearsay rule if: (1) that statement is consistent with the declarant's trial testimony; (2) the party offering that statement did so to rebut an express or implied charge of recent fabrication or improper motive against the declarant; (3) that statement was made before the declarant had a motive for fabrication; and (4) the declarant testifies at trial and is subject to cross-examination. Petitioner raised the issue of the tapes' admissibility on direct appeal, and the Seventh Circuit determined that the taped recordings were properly admitted. Because trial counsel opened the door to arguments about Anderson's credibility in opening statements, the Seventh Circuit reasoned that the recordings were prior consistent statements that served to rebut the defense's argument.

Petitioner now argues that the prosecution called "Randy Williams a co-conspirator when he was attempting to find a rule of evidence to enter the tapes against [petitioner], this is tantamount to lying to the tribunal and a violation of Brady." The record, however, demonstrates

---

[2] Petitioner also makes ineffective assistance of counsel claims under Ground Two, but those allegations are repeated in Grounds Three and Six, and the court will discuss those in turn.

that tapes were not admitted on the basis of Williams' alleged status as a co-conspirator, but instead on the basis of Anderson's status as a co-conspirator. Therefore, petitioner's argument has no merit. To the extent petitioner argues that the tapes were improperly admitted, this argument was already raised on direct appeal and rejected. Petitioner cannot re-litigate this claim in his 2255 petition. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995).

As for the second claim, petitioner failed to raise his claim of prosecutorial misconduct related to Anderson's testimony both at trial and on direct appeal. This ground is therefore procedurally defaulted.

### 2. Ground Four: Unconstitutionality of 18 U.S.C. § 2113

In Ground Four, petitioner argues that 18 U.S.C. § 2113 is unconstitutional because it exceeds the powers granted to Congress under the Commerce Clause, and is impermissibly vague and ambiguous. He further argues that insufficient evidence was presented to determine that the accounts at the credit union were insured as required by the bank robbery statute, and that the introduction of those certificates denied him his Sixth Amendment right to confront the witnesses against him. Petitioner further argues that 18 U.S.C. § 2113 contravenes the McCarran-Ferguson Act and therefore violates his Ninth and Tenth Amendment rights.

Petitioner pursued his argument regarding the sufficiency of the evidence in his direct appeal, and the Seventh Circuit held that the insurance certificates and corroborating testimony of the credit union's vice president and comptroller was sufficient to establish that the financial institution fell within the meaning of the bank robbery statute. Because this issue has already been addressed on direct appeal, it is procedurally defaulted.

Petitioner also raised the issue of the constitutionality of the bank robbery statute post-trial, and this court rejected his challenge. Because this issue has already been litigated, it is procedurally defaulted.

### 3. Ground Five: Unconstitutionality of 18 U.S.C. §§ 922(g) and 924(e)

In Ground Five, petitioner argues that 18 U.S.C. §§ 922(g) and 924(e) are unconstitutional and violate the Commerce Clause. Petitioner also claims that the use of state convictions to enhance his sentence under the ACCA violated his Fifth and Fourteenth Amendment rights. Petitioner further claims that he did not have "fair warning" that the government could and would use his state convictions against him. Finally, petitioner argues that the crimes that he pled guilty to in state court encompass a wide range of conduct and, under the modified categorical approach, his convictions do not qualify as predicate felonies for an ACCA enhancement.[3] He claims that his guilty pleas were made without knowledge of the potential collateral consequences, and therefore invalid.

This court has already heard and rejected these claims, and the Seventh Circuit affirmed. Because these issues have already been litigated, they are procedurally defaulted.

### 4. Grounds Seven and Eight: Petitioner's Sentences Were Unconstitutional Pursuant to Alleyne and Booker

In Ground Seven, petitioner argues that his sentence was imposed in violation of his constitutional rights because the jury did not find facts that triggered the mandatory minimum sentences that he received. In support of this argument, petitioner cites the United States

---

[3] When he was sentenced, petitioner had three convictions that qualify as predicate felonies for ACCA enhancement purposes: burglary of a residence; robbery; and armed robbery.

Supreme Court decision, Alleyne v. United States.[4] Petitioner's reliance on Alleyne is misguided. Under the retroactivity doctrine of Teague v. Lane,[5] only substantive rules may be retroactively applied to cases that have become final before the new rule is announced. The rule announced in Alleyne is procedural, and therefore cannot afford petitioner any relief. See Hawkins v. United States, 724 F.3d 915, 917 (7th Cir. 2013); see also Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) ("Unless the Justices themselves decide that Alleyne applies retroactively on collateral review, we cannot authorize a successive collateral attack").

Further, even if Alleyne were applied retroactively, it would not afford petitioner relief because it does not require that a jury find the fact of a prior conviction. "[R]ecidivism is not an element of the offense which must be found by a jury beyond a reasonable doubt, but rather is a sentencing factor that may be found by the sentencing judge, even when recidivism increases the statutory maximum penalty to which the defendant is exposed." United States v. Elliot, 703 F.3d 378, 381 (7th Cir. 2012) (citing Almendarez-Torres v. United States, 523 U.S. 224, 239, 243–46 (1998)). Indeed, the Court noted this exception when it decided Alleyne. See Alleyne, 133 S.Ct. at 2160 n.1 (recognizing a narrow exception for the fact of a prior conviction, as announced in Almendarez-Torres).

Finally, petitioner failed to pursue this claim on direct appeal. Because he has not shown cause for his failure to pursue the claim, it is procedurally defaulted.

---

[4] 133 S.Ct. 2151 (2013)

[5] 489 U.S. 288 (1989)

In Ground Eight, petitioner argues that United States v. Booker[6] was wrongly decided and that his sentence is "an unconstitutional application of a[n] unconstitutional United States Sentencing Guidelines." Petitioner failed to pursue this claim on direct appeal and has not shown cause as to why. Accordingly, Ground Eight is procedurally defaulted.

**B.      Grounds One, Three, and Six: Ineffective Assistance of Counsel Claims**

Because an ineffective assistance of counsel claim may be brought in a section 2255 motion regardless of whether the claim was raised on appeal, petitioner's ineffective assistance of counsel claims are not procedurally barred. Massaro v. United States, 538 U.S. 500, 504 (2003); see also Fuller v. United States, 398 F.3d 644, 648-49 (7th Cir. 2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that counsel's deficient performance "prejudiced his defense" by demonstrating that it is reasonably likely that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 696, (1984); see also Whitman v. Bartow, 434 F.3d 968, 972 (7th Cir. 2006). To show that counsel's performance was deficient, the petitioner must demonstrate that the representation "fell below an objective standard of reasonableness" and was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. To satisfy the prejudice element, counsel's errors must be so serious as to have deprived the petitioner of a fair trial (i.e., one in which the result is reliable). Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by [the petitioner]." Strickland, 466 U.S. at 697.

---

[6]543 U.S. 220 (2005)

9

The petitioner bears the burden of persuasion, and "unsubstantiated and largely conclusory statements fall far short of carrying his burden of persuasion as to the two elements of the test outlined in Strickland." United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005) (abrogated on other grounds by United States v. Novak, 841 F.3d 721 (7th Cir. 2016)). The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690–91.

Petitioner argues that ineffective assistance of trial counsel deprived him of his Fifth, Sixth, and Fourteenth Amendment rights. Petitioner claims that his trial counsel was ineffective for: (1) not objecting to the court's failure to provide petitioner with a hearing on the prejudicial effect of introducing evidence of a check cashing scheme; (2) not objecting to the court's ruling allowing the admission of audio recordings of a co-defendant and the informant; (3) waiving Fed. R. Cr. P. 24 to strike alternate jurors separately; (4) failing to make a Batson challenge; (5) failing to request a limiting instruction related to the audio recording described above; (6) failing to challenge the constitutionality of each of the statutes petitioner was convicted under; (7) improperly conceding facts in closing arguments.

Petitioner argued many of these alleged errors by his trial counsel on his direct appeal, including the propriety of waiving Rule 24, the admission of the check cashing scheme, and the admission of a co-defendant's prior consistent statements. His claims were rejected by this

court. Although petitioner has recast his claims as ineffective assistance of counsel, his arguments have already been substantively ruled upon. Consequently, the court declines to give petitioner another bite at the apple and denies them. See White v. United States, 371 F.3d 900, 902 (7th Cir. 2004) ("Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal."). Even if petitioner's arguments were properly recast as ineffective assistance of counsel claims, they would fail on the merits for the reasons discussed below.

In Ground Three, petitioner argues that one of his trial attorneys, Donna Foley, had a conflict of interest that resulted in ineffective assistance. Interestingly, petitioner makes this allegation for the first time despite the fact that he became aware of the alleged conflict during the course of the trial. Leaving aside the suspect timing, petitioner's claim fails. Immediately after petitioner made this court aware of the alleged conflict, Foley withdrew from the case[7] and substitute counsel, Ralph Schindler, was appointed and instructed by the court to investigate the alleged conflict. Schindler represented petitioner during his post-trial proceedings and appeal. At no point throughout this time was the conflict of interest issue raised. Further, petitioner fails to demonstrate how the alleged conflict resulted in ineffective assistance and, instead, makes the conclusory assertion that, because Foley may have represented an individual who was questioned regarding an unrelated bank robbery, she was ineffective. Further still, petitioner fails to demonstrate how the alleged conflict deprived him of a fair trial. As discussed above, to support a claim for ineffective assistance of counsel, petitioner must demonstrate that his

---

[7] Foley's motion to withdraw was based not on the alleged conflict (that she denied), but rather on petitioner's belief that she was ineffective for not filing certain motions. See 08 CR 880, Dkt. #114 at 1.

11

counsel's performance fell below an accepted standard of reasonableness and prejudiced him such that, but for those errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. 668, 687, 696. Because petitioner fails to satisfy either of Strickland's prongs, his claim of ineffective assistance fails.

In Ground Six, petitioner asserts that Schindler was ineffective during his post-trial and appellate proceedings. Petitioner's argument rests mainly on the issues for which he alleges his trial counsel was ineffective, such as failing to challenge the admission of certain evidence and this court's non-compliance with Rule 24. But the record shows that Schindler did, in fact, raise many of the issues that petitioner claims he was ineffective for not raising - he just lost on those issues. As discussed above, these arguments have already been rejected by this court and the Seventh Circuit. Consequently, petitioner's claims fail.

Petitioner also alleges that Schindler was ineffective for not challenging trial counsels' effectiveness on appeal and for failing to raise arguments that were "dead bang winners" in his direct appeal. As for the first claim, the Seventh Circuit has repeatedly recognized that ineffective assistance of counsel claims are properly raised for the first time in a section 2255 motion because on direct appeal the court is limited to the trial record and is therefore precluded from considering extrinsic evidence. Galbraith v. United States, 313 F.3d 1001, 1007–8 (7th Cir. 2002) (citing cases). Because ineffective assistance of counsel claims generally rely on extrinsic evidence, they are "almost invariably doom[ed]" on direct appeal. United States v. Gilliam, 255 F.3d 428, 437 (7th Cir. 2001). It cannot be said that Schindler was ineffective for failing to present a doomed argument. As for the second claim, Schindler was entitled to make strategic decisions regarding which arguments to present on appeal. It cannot be said that he was

12

ineffective because petitioner has determined in hindsight that Schindler should have made different arguments. As for both claims, petitioner fails to demonstrate that, had Schindler's strategy differed, the result of his proceedings would have been any different. Petitioner's claims ultimately amount to nothing more than his questioning of his attorneys' strategic choices without any evidence that he has been prejudiced by them. Because petitioner fails to satisfy either of <u>Strickland</u>'s prongs, his claims fail.

### C. Petitioner's Armed Career Criminal Status

At sentencing, the court concluded that petitioner's criminal history qualified him as an armed career criminal and sentenced him accordingly. That conclusion was based on a 1980 robbery conviction, a 1983 burglary conviction, and a 1987 armed robbery conviction. Petitioner argued at sentencing that his 1980 robbery conviction did not qualify as a predicate offense under the ACCA because he was a juvenile when he committed the offense and, although he was charged as an adult, the Illinois Juvenile Court Act should have been observed, but was not. The court rejected this argument and the Seventh Circuit affirmed. Petitioner failed to argue that his 1983 burglary conviction did not qualify as a predicate offense during sentencing. He also failed to present this argument on direct appeal.

Ground Five of petitioner's Section 2255 motion presents a somewhat confusing argument that his 1983 burglary conviction "as used to enhance [petitioner]'s federal sentence was obtained unconstitutionally," but does not argue that the conviction did not qualify as a predicate under the ACCA. Then, in his oversized reply, petitioner claims that his sentencing counsel was ineffective for failing to argue that his burglary conviction did not qualify as a "crime of violence" under the ACCA. According to petitioner, sentencing counsel did not

13

"properly apply" the United States Supreme Court's holdings in Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), and was deficient for failing to argue that the 1983 burglary conviction did not qualify as a predicate under the ACCA. Petitioner gives no explanation for his delay in bringing this argument.

Although petitioner's argument that his 1983 burglary does not qualify as a predicate under the ACCA is confusing and undeveloped, it appears that it may very well be valid. The Seventh Circuit has held that the burglary statute that petitioner was charged under, 38 ILCS § 19–1, "'covers a greater swath of conduct' than the elements of the Guidelines offense" because it applied to locations other than buildings, such as motor vehicles, airplanes, and railroad cars. United States v. Haney, 840 F.3d 472, 475 (2016) (quoting United States v. Edwards, 836 F.3d 831, 837 (7th Cir. 2016)). Consequently, convictions under that statute are not violent felonies under the ACCA. Id. Respondent is directed to respond to this issue on or before January 31, 2017, addressing whether it is in agreement that petitioner's 1983 burglary conviction no longer qualifies as a predicate offense, and, if so, whether such a finding requires petitioner to be re-sentenced. If further briefing is required, the Federal Defender will be appointed to represent petitioner.

## CONCLUSION

For these reasons, petitioners's motion to alter, vacate, or set aside his sentence under 28 U.S.C. § 2255 is denied with respect to all issues except the ACCA issue discussed in Section

"C" above. All other pending motions[8] are terminated. This matter is set for a report on the status of the remaining issue on February 14, 2017 at 9:00 a.m.

**ENTER:** **January 3, 2017**

_____
**Robert W. Gettleman
United States District Judge**

---

[8] Defendant has filed the following pending motions; Motion in objection to the government['s] use of affidavits by any of movant's attorneys, see Dkt. #9; Motion to file a supplemental pleading, see Dkt. #10; Motion for discovery and subpoena, see Dkt. #11; Motion to file an oversize[d] reply, see Dkt. #27.