**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 4193 |
| | ) | Judge Robert W. Gettleman |
| NAPOLEON FOSTER, | ) | |
| | ) | |
| Defendant. | ) | |

**PETITIONER'S MOTION FOR A RULE 58 JUDGMENT AND
REQUEST FOR CERTIFICATES OF APPEALABILITY**

Petitioner, NAPOLEON FOSTER, by and through his attorney, LISA L. WOOD, pursuant to 28 U.S.C. § 2253(c), and Rule 22(b) of the Federal Rules of Appellate Procedure, respectfully requests that this Court: (1) enter a judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and (2) enter an order issuing certificates of appealability so that he may appeal from the denial of the claims raised in his § 2255 petition.

In support, Petitioner shows to the Court the following:

**I.  Procedural Background and Request for Entry of Judgment under Rule 58(d).**

Petitioner filed a petition pursuant to 28 U.S.C. § 2255, challenging his convictions for armed bank robbery (18 U.S.C. §§ 2 & 2113(a) and (d)), possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)), and possession of a firearm as a felon (18 U.S.C. §§ 922(g) and 924(e)), as well as his sentence of 284 months' imprisonment. On January 3, 2017, this Court denied each of the issues raised in the petition, except for Petitioner's challenge to his sentence under the 18 U.S.C. § 924(e), the Armed Career Criminal Act. This Court ordered the government to respond this argument, and address whether Petitioner's 1982

conviction for burglary still met the definition of a "crime of violence" after *Johnson v. United States*, 135 S.Ct. 2551 (2015). The government conceded that the burglary conviction no longer qualified as a crime of violence, and that Petitioner was entitled to a resentencing hearing. On October 19, 2017, a resentencing hearing was held, and this Court sentenced defendant to a term of 181 months' imprisonment.

Petitioner attempted to appeal the denial the issues raised in his § 2255 petition. Specifically, Petitioner attempted to appeal from this Court's January 3, 2017 order. That order, however, did not purport to dispose of all of Petitioner's claims, as it requested the government respond to the *Johnson* claim. Accordingly, it was not a final order pursuant to 28 U.S.C. § 2253. In a March 17, 2017 Order, the Seventh Circuit Court of Appeals advised Petitioner that his appeal "appear[ed] premature" because "[t]he district court ha[d] not issued a Rule 58 judgment." *See* Order, attached as Exhibit A. After receiving this Order and discussing the issue with counsel, Petitioner withdrew his appeal, and proceeded to resentencing before this Court.

Because resentencing is now complete, Petitioner requests that this Court enter a Rule 58 judgment that disposes of all of the claims raised in his § 2255 petition. Petitioner also requests that the judgment be set out in a separate document as required by Rule 58(a). Such a judgment will qualify as a final order, and will enable Petitioner to file a notice of appeal.

II. **Request for Certificates of Appealability**

An appeal from a denial of a motion under 28 U.S.C. § 2255 cannot be taken as a matter of right. Instead, an appeal can only be taken if a certificate of appealability is issued by the district court that denied the motion, or, failing that, a justice of the Court of Appeals. *See*, 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional claim. 28 U.S.C § 2252(c)(2). This is not an exacting standard. Rather, the standard is met if: (1) reasonable jurists could debate whether the petition should have been resolved in a different manner; or (2) the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to the "reasonable jurists" inquiry, the Supreme Court concluded that a court should limit its examination to a "threshold inquiry" into the underlying merits of the applicant's claim. *Id*. Indeed, this Court is "forbidden" from fully considering the factual and legal bases adduced in support of the claims in ascertaining whether the certificate should issue. *Id*. Nor, does Petitioner need to establish that some jurists would grant the petition, or that he would ultimately prevail upon a full appeal; rather, he need only establish that the claims are debatable. *Id*.

Petitioner submits that the issues in his case are the sort that reasonable jurists would debate as to whether they should have been resolved differently, and are adequate to deserve encouragement to proceed further. He therefore requests that this Court issue certificates of appealability with respect to the issues raised in his 2255 petition so that he may appeal.

**III.    Conclusion**

WHEREFORE, Petitioner respectfully requests that this Court enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and enter an order issuing certificates of appealability so that he may appeal from the denial of the claims raised in his § 2255 petition.

Respectfully submitted,

**s/ Lisa L. Wood**
**LISA L. WOOD**, One of the Attorneys for Petitioner, Napoleon Foster.

Blegen & Garvey
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100